SELECTMEN OF ANDOVER, Appellants,

*vs.*

COUNTY COMMISSIONERS.

Oxford.    Opinion December 26, 1893.

*Way. Committee. Disinterested. Description. R. S., c. 1, § 6, rule 22; c.18, § 49.*

The ownership of land liable to taxation in a town through which a highway has been laid by the committee appointed on appeal from the County Commissioners, will not disqualify a member of such committee from acting, no part of such land having been taken for the way.

Where the termini of a proposed way are fixed and certain and the general route cannot be mistaken, *Held:* that the description is sufficient.

ON EXCEPTIONS.

From the bill of exceptions it appears that this case began by a petition presented to the county commissioners of Oxford

county, signed by the selectmen of Andover, praying for the location of a highway as therein set forth, commencing at Andover Corner in town of Andover and extending through towns of Andover, Roxbury and Rumford, *via* Swain's Notch, so-called, to Rumford Falls. After due proceedings the said commissioners denied the prayer of the petitioners, whereupon the petitioners duly and seasonably appealed to the Supreme Judicial Court of Oxford County. Thereupon a committee was duly appointed on said appeal. Said committee after due proceedings, viewed the route, heard the parties, and made their report to this court, at the next regular term after their appointment, wholly reversing the adjudication of said commissioners, to which report objections were seasonably made in writing by the appellees to the acceptance of said report. A hearing was had upon said objections before the presiding justice who found the following facts : That A. H. Walker, one of the committee, was the owner of one half in common and undivided of about twelve hundred acres of wild land in the northeasterly portion of said town of Andover, situated in the "Kimball Mile" so-called, and in Y range and northeasterly of Andover Corner ; and the southerly line of said lands, by the scale of the county map appears to be about one and one half miles northerly of Andover Corner, and about three and one half miles northerly of Chapman's Mills, so-called, by an air line, but is considerably further than that from either Andover Corner or Chapman's Mills, by any roads leading thereto. The proposed road starts at Andover Corner, as appears by petition to the county commissioners, and runs southeasterly over the present located and travelled highway to Chapman's Mills, about two and one half miles ; then it leaves the present located and travelled way running in a southeasterly course, through Swain's Notch, so-called, to Rumford Falls. The proposed road brings Rumford Falls about five miles nearer Andover Corner, than by way of South Andover and Rumford Center road, and about two and one half, or three miles, nearer than by way of Roxbury Notch road. A portion of said proposed road, to be built, is in the town of Andover, but no part of it passes over any land of said Walker, who is not a resident of Oxford County.

Upon the foregoing facts the court ruled as matter of law, that the objections be sustained, and the acceptance of the report be denied.

The appellants, being the original petitioners, took exceptions to this ruling.

*James S. Wright*, for petitioners.

The burden is upon the appellees to show that these lands were affected, in order to disturb the report of the committee. If any interest existed, it was against the road, on account of taxes, but the decision was the other way.

The court should not presume that Walker was influenced, unless it clearly appears in proof that his property was affected by the decision.

Revised Statutes, c. 1, rule 22, where a person is required to be "disinterested" or "indifferent" in a matter in which others are interested, refers only to relationship.

The effect of the word "disinterested" in c. 18, § 49, R. S., is simply to require that the committee shall be impartial. Timber land the growth of which could only be run out by the brooks and streams to be utilized, would be unaffected by this proposed road.

*John P. Swasey*, for remonstrants.

Walker being a land owner and tax payer is disqualified. *Pearce* v. *Atwood*, 13 Mass. 324 ; *Friend, applt.* 53 Maine, 387 ; *Petition of New Boston*, 49 N. H. 328, and cases.

Description insufficient and invalid. *Phillips* v. *Co. Com.* 83 Maine, 541, and cases ; *Hayford* v. *Co. Com.* 78 Maine, 153, and cases.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, JJ.

HASKELL, J. Objections to the acceptance of the report of a committee appointed on appeal from county commissioners on the location of a highway. Two objections are made :

I. Because one member of the committee owned land in the town of Andover, into which town the road ran, and was a

taxpayer therein and therefore is not a " disinterested " person as required by statute.

The original petition was signed by the selectmen of Andover, authorized by a vote of the town, and they are the appellants in this case. This member of the committee was not an inhabitant of the town and therefore not disqualified as a party to the suit. Nor would any part of his land be taken by the location of the way. The cases of *State* v. *Delesdernier*, 2 Fairf. 473, and of *Friend, Appellant*, 53 Maine, 387, and of *Pearce* v. *Atwood*, 13 Mass. 324, cited at the bar, are, therefore, not in point. These cases hold that any direct interest, however small, will disqualify a judicial officer, " for no man can lawfully sit as a judge " in his own case. An interest that disqualifies from judicial action may be small, but it must be an interest, direct, definite, and capable of demonstration ; not remote, uncertain, contingent or unsubstantial, or merely speculative and theoretic. *Fletcher* v. *Railroad*, 74 Maine, 434; *Jones* v. *Larrabee*, 47 Maine, 474; *Warren* v. *Baxter*, 48 Maine, 193.

The requirement to be disinterested is the equivalent of not interested. Interest therefore disqualifies. In this case, what interest had the committee-man who is objected to ? He was liable for taxes on his land in Andover. *Prima facie* his interest would be against building the road laid out by the committee. As a taxpayer in any other town in the county, his apparent interest would be in the same direction, for the county would be liable to pay damages for land taken. If liability to pay taxes that may be applied to the building of any highway be the test of disqualification, no citizen of a county can act as county commissioner, or committee-man, in the location of highways in his county, nor can selectmen of towns act in the laying of town-ways in their towns. The liability of taxation for public works is not such an interest as disqualifies action in their construction. Otherwise, government would be impossible. Committees on appeal exercise the same function, whether considered judicial or administrative, that county commissioners exercise in the first instance, and the same test of qualification applies to both. It has always been held in Massachusetts, and

believed in this State, that liability for taxation in the town or county where the road is laid, does not disqualify. *Wilbraham* v. *County Commissioners*, 11 Pick. 322 : *Danvers* v. *Co. Commissioners*, 2 Met. 185.

If it were shown that some non-apparent interest influenced a member of the committee and rendered him impartial, such fact might attack the integrity of the report, but would not show a disqualification of the committee. It might destroy action, but not authority to act. No such facts are shown, neither is the fairness or integrity of the report questioned.

II. Because the way to be laid is not sufficiently described in the original petition.

The description commences at Andover Corner, a well known point, thence through Andover, Roxbury and Rumford *via* Swain's Notch to the county road near the dwelling of Manley Blanchard in Rumford, thence to Rumford Falls. The termini are fixed and certain. The route is *via* Swain's Notch. The locality is almost mountainous, and Swain's Notch is a well known pass between the hills. No one could mistake the general route proposed. The petition is as specific as it well could be, and is sufficient. *Packard* v. *Co. Commissioners*, 80 Maine, 43.

                *Exceptions sustained. Report accepted.*